# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WALTER MUCHIRI,<br><br>     Petitioner,<br><br>v.<br><br>PATRICK LECHLEITNER,<br>Deputy Director and Senior Officer Performing the Duties of the Director, United States Immigration and Customs Enforcement;<br><br>PATRICIA HYDE,<br>Acting Field Office Director, Enforcement and Removal Operations Boston Field Office, United States Immigration and Customs Enforcement;<br><br>JOSEPH D. MCDONALD, JR.,<br>Sheriff, Plymouth Sheriff's Office;<br><br>     Respondents. | Civil Action No. 1:24-40154-WGY |

### RESPONDENTS' RESPONSE TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM OR AD TESTIFICANDUM

  Respondents (U.S. Immigration and Customs Enforcement ("ICE")) by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submit this Response to Petitioner Walter Muchiri's ("Petitioner") Petition for Writ of Habeas Corpus ad Prosequendum or ad Testificandum (the "Petition"). Doc. No. 1.

  As explained below, Petitioner is subject to statutorily authorized detention by ICE and Respondents oppose Petitioner's request for this Court to order he be transferred into state custody to appear for his state criminal proceedings. As grounds, ICE avers that the Worcester District Court previously ignored direct language in its own writ of habeas corpus that required Petitioner be immediately returned to ICE custody post criminal proceeding, and instead set bond and remanded Petitioner to state custody at the Worcester County House of Correction. With no

guarantee this will not occur again, ICE has declined to approve subsequently issued state court writs of habeas corpus and urges this Court not to issue a writ of habeas corpus ad testificandum as a result. However, ICE, while Petitioner's immigration appeal remains pending, will commit to working with officials at the Plymouth County Correctional Facility and state officials from the Worcester District Court in making Petitioner available for his trial through video teleconference technology.

## BACKGROUND

### A. Immigration Status

Petitioner is a native and citizen of Kenya who was admitted to the United States as a non-immigrant visitor on December 2, 2019, with authorization to remain until June 3, 2020. *See* Declaration of Assistant Field Office Director, Keith Chan, attached as Exhibit A, ¶ 7. Petitioner remained longer than permitted and was placed into removal proceedings by ICE on or about May 3, 2024 as he was removable from the United States due to overstaying his visa. *Id.*, ¶ 8. Petitioner is currently detained by ICE at the Plymouth County Correctional Facility pursuant to ICE's statutory authority contained at 8 U.S.C. § 1226(a). *Id.*, ¶ 10. Individuals detained per Section 1226(a), such as Petitioner, can be "detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1226(a)(1) also provides the alien an opportunity to seek a bond hearing before an immigration judge.

ICE arrested and detained Petitioner due to his lack of valid immigration status in the United States and due to his criminal activity in Massachusetts. Petitioner was arrested by the Marlborough Massachusetts Police Department for the offense of assault and battery domestic on or about December 9, 2023. Chan Decl., ¶ 13. Additionally, Petitioner was arrested by the Worcester Police Department on or about April 28, 2024 for charges of operating under the

influence, negligent operation of a motor vehicle, and operating an uninsured motor vehicle. *Id.*, ¶ 14.

On or about June 10, 2024, Petitioner sought release from immigration custody through a bond hearing in the Boston Immigration Court. *Id.*, ¶ 10. At the conclusion of the bond hearing, the immigration judge ordered Petitioner held without bond, finding that he was a danger to persons and or property. *Id.* Petitioner appealed this order to the Board of Immigration Appeals ("BIA"); however, the BIA dismissed the appeal and affirmed the dangerousness finding of the immigration judge on September 11, 2024. *Id.*

Petitioner applied for relief from removal before the Boston Immigration Court. *Id.*, ¶ 11. The immigration judge, however, denied his applications for relief from removal and ordered his removal from the United States. *Id.* Petitioner's appeal of such denial is before the BIA and Petitioner's removal from the United States cannot proceed while the appeal remains pending. *Id.*

**B.  The State Court Habe Process for ICE Detainees and Petitioner**

ICE routinely facilities the appearance of detainees in its custody before various Massachusetts district courts and a procedure has been developed between the Massachusetts Trial Court, the Sheriffs' Departments, and ICE for such process. *See Habeing Defendants from Immigration Custody to Massachusetts Criminal Courts*, January 2019, https://www.publiccounsel.net/wp-content/uploads/2019/01/Habeing-defendants-from-ICE-January-2019-FINAL-with-attachments.pdf (last accessed Jan. 23, 2025); also included as Exhibit B. Under this procedure, the clerk for the state district court must issue a state writ of habeas corpus ("state habe") to the Sheriff[1] with physical custody of the defendant/ICE detainee

---

[1] ICE detainees were previously held at Suffolk County House of Corrections, Plymouth

if presence in state court is requested. *Id.* The Sheriff with physical custody of the defendant/ICE detainee is responsible for transporting that person to and from state court. *Id.* Before transport can occur, "ICE must give the Sheriff permission to release the person for transport." *Id.* In arriving at this procedure, ICE requested, and the Trial Court agreed, that the state writs "include language guaranteeing that, upon the conclusion of the state proceeding, the state will return the person to ICE's custody." *Id.* at 2.

On or about August 14, 2024, ICE's Enforcement and Removal Operations ("ERO") Boston office received a state habe from the Worcester District Court for an August 27, 2024 hearing. Chan Decl., ¶ 15; Exh. C, State Habe. ICE ERO approved the transportation of Petitioner by the Plymouth County Sheriff's Office and Petitioner was transported to Worcester District Court on August 27, 2024 in conjunction with the state habe that required Petitioner to be returned to ICE immediately after the conclusion of the proceeding. *Id.*, ¶¶ 15-17. However, the Worcester District Court Judge who presided over the August 27, 2024 hearing ordered bail set at $100 and ordered Petitioner committed to the Worcester County House of Correction instead of returning him to ICE custody. *Id.*, ¶¶ 18-19. ICE ERO contacted the Worcester House of Correction on August 27, 2024 after learning that Petitioner was not released to the Plymouth County Sheriff's Office for transport back to ICE custody. *Id.*, ¶ 20. Officials at the Worcester House of Correction informed ICE ERO that the state habeas writ would not be honored and Petitioner would remain at the House of Correction. *Id.* ICE ERO therefore lodged an immigration detainer with the Worcester House of Correction and was able to regain custody of Petitioner on August 29, 2024 after he posted bail. *Id.*, ¶¶ 21-22.

---

County Correctional Facility, Bristol County House of Corrections and Franklin County House of Corrections. Currently, however, ICE detainees are only held at the Plymouth County Correctional Facility.

On or about September 27, 2024, ICE ERO received a writ of habeas corpus for the Petitioner from the Worcester District Court for an October 30, 2024 trial on his OUI charge. *Id.*, ¶ 23. After careful consideration of all factors, including but not limited to the above history, the Petitioner's criminal history, the immigration judge and BIA finding of dangerousness and the fact the state officials did not honor the language of their own writ of habeas corpus, ICE ERO declined to transfer custody to state officials for the criminal hearing.[2] *Id.*, ¶ 24. ICE ERO has since received multiple writs of habeas corpus to correspond with scheduled jury trial dates in the Worcester District Court, but upon consideration of all factors, ICE ERO has declined to approve Petitioner's transport by the Plymouth County Sheriff's Office for such proceedings. *Id.*, ¶ 25. State officials also have not contacted ICE ERO to explain the August 27, 2024 incident in which Petitioner was not immediately returned to ICE custody or to discuss future compliance with similarly issued state writs. *Id.*, ¶ 26.

### C. Procedural History

Petitioner filed his petition for writ of habeas corpus ad prosequendum or ad testificandum on December 10, 2024. Doc. No. 1. Petitioner asks this Court to issue a writ of habeas corpus ad prosequendum or ad testificandum in aid of the state writ issued by the Worcester District Court to ensure his transportation to and from future state court proceedings. *Id.*, ¶ 10. Petitioner "has no objection to any writs or orders being conditioned on Mr. Muchiri being physically returned to ICE at the conclusion of his Massachusetts proceedings, which is consistent with the terms of the writs issued by the [Worcester] District Court." *Id.*

According to Petitioner's criminal docket, Petitioner's jury trial was not held on December 11, 2024, January 7, 2025, or January 23, 2025 due to Petitioner not being present.

---

[2] The October 30, 2024 jury trial was rescheduled due to Defendant's motion.

*See* Exhibit D, State Docket.  A video session is scheduled on February 12, 2025 to review the status of his criminal proceedings, but no state habe was requested for this proceeding and no jury trial has been rescheduled.  *Id.*

## **ARGUMENT**

ICE's determination to decline to approve the state habes issued by Worcester District Court is rational and well-considered and Respondents therefore urge this Court not to issue its own writ of habeas corpus ad prosequendum or ad testificandum as the federal interests in maintaining Petitioner in custody are paramount.  Respondents acknowledge that the Supreme Court has held that 28 U.S.C. § 2241(c)(5) "gives federal courts the power to issue writs of habeas corpus ad testificandum at the request of state prosecutorial authorities." *Barber v. Page*, 390 U.S. 719, 724 (1968).  Section 2241(c)(5) states that a writ of habeas corpus "shall not extend to a prisoner unless … [i]t is necessary to bring him into court to testify or for trial."  It does not appear that the U.S. Court of Appeals for the First Circuit or this District Court have analyzed what factors to consider in issuing a writ of habeas corpus ad testificandum, especially as it concerns an ICE detainee seeking to appear for state criminal proceedings.  A survey of cases from across the country, however, indicate that the district court maintains full discretion on whether to issue such writ.  *Greene v. Prunty*, 938 F. Supp. 637, 638 (S.D. Cal. 1996).  When faced with a request for issuance of such writ, "the Court must determine not only whether an inmate-witness' testimony is relevant, but also, whether such testimony is necessary." *Id.* at 639. Stated further, this "determination depends ultimately upon whether the probative value of the testimony justifies the expense and security risk associated with transporting an inmate-witness to court from a correctional facility." *Id.*  In *Greene,* the court also explained that a party requesting the issuance of a writ of habeas corpus ad testificandum should explain in a sworn

6

affidavit what the inmate-witness would testify to and why such testimony is necessary.

As stated by another district court, in deciding whether to issue a writ, "a court must balance the relative costs and benefits of the prisoner's physical presence, including 'whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Janahi v. Zuberi*, No. 221CV03975VAPPLAX, 2022 WL 20217502, at *1 (C.D. Cal. Sept. 27, 2022) (quoting *Wiggins v. Alameda Cnty.*, 717 F.2d 466, 468 n.1 (9th Cir. 1983)). *See also Gordon v. Woodring*, No. C 04-04182 JF, 2005 WL 464636, at *3 (N.D. Cal. Feb. 28, 2005) (concluding district court had authority to issue writ for state court proceeding and considering factors such as the need for testimony and the security risks inherent in transportation).

Here, ICE ERO has denied the most recent state habes issued by the Worcester District Court because of its concern that Petitioner will not be returned to ICE custody post-criminal proceeding and that he may be released into the community where he could pose a public safety risk and a flight risk. In *Barber*, the Supreme Court noted that the U.S. Bureau of Prisons had a policy to permit federal prisoners to testify in state court criminal proceedings pursuant to writs of habeas corpus ad testificandum issued by out of state courts. 390 U.S. at 724. Indeed, BOP has established regulations that apply to inmates serving sentences in federal institutions that must be followed prior to an inmate's transfer to state authorities to appear in state court. *See* 28 C.F.R. § 527.31. Such regulations permit transfer by only when the Warden of the federal facility is "satisfied that the inmate's appearance is necessary, that state and local arrangements are satisfactory, that the safety or other interests of the inmate … are not seriously jeopardized,

7

and that federal interests, which include those of the public, will not be interfered with, or harmed." *Id.* § 527.31(b).  While ICE does not have similar regulations, ICE ERO's analysis of whether to approve the Worcester District Court's state habes occurred in a similar manner. Chan Decl., ¶¶ 24-25.

As noted, ICE ERO routinely facilities the appearance of detainees in its custody before various Massachusetts district courts and a procedure has been developed between the Massachusetts Trial Court, the Sheriffs' Departments, and ICE to allow for such appearances. ICE ERO, however, considers each state habe request individually and on its own merits and considers factors such as the necessity of the requested testimony, whether such testimony could occur remotely via video teleconference technology, the status of removal proceedings against the detainee/defendant, and security risks involved with allowing transfer of the detainee/defendant from ICE custody into state custody.

Here, ICE ERO approved the Worcester District Court state habe that was issued on August 14, 2024 to allow Petitioner's appearance in state court on August 27, 2024.  The state habe included the appropriate language that required Petitioner to be returned to ICE immediately after the conclusion of the proceeding.  *See* Exh. C.  The Worcester District Court, however, ignored the state habe's explicit language and the Judge instead set a $100 bond and remanded Petitioner not back to ICE custody, but into state custody at the Worcester County House of Correction.  Due to this failure to abide by the state habe, ICE ERO was required to expend its limited law enforcement resources to contact the Worcester District Court and the Worcester County House of Correction to ascertain Petitioner's whereabouts and request that the state habe be honored.  When ICE ERO realized that the state habe would not be honored, and that Petitioner was at risk of posting bond and absconding from his statutorily authorized ICE

8

custody, ICE ERO had to expend additional resources to lodge a detainer with the Worcester County House of Correction.

In consideration of the Worcester District Court's failure to abide by the state habe's language that required Petitioner be immediately returned to ICE custody, ICE ERO has declined to approve transportation of Petitioner to additional criminal proceedings held before the Worcester District Court.  ICE ERO has taken into consideration that Petitioner has been charged with criminal offenses that indicate he poses a risk to the community and that an immigration judge (affirmed by the BIA) determined that he should not be released from ICE custody due to his public safety risk.  Further, ICE ERO considers Petitioner to pose a significant flight risk as he has been ordered removed from the United States by an immigration judge after consideration of his requests for relief from removal.  Additionally, ICE considered that the basis for the immigration judge's denial of Petitioner's applications for relief from removal was not solely based on his alleged criminal activity.  Further, ICE ERO reasoned that state officials have not contacted their office to explain why the Worcester District Court did not abide by the state habe that ICE ERO approved in August of 2024, thus casting further doubt on whether a state habe would be complied with in the future.  ICE ERO also took into consideration that state officials often do not honor ICE detainers, and therefore, if Petitioner was again remanded to the Worcester House of Correction instead of to ICE custody, it is unknown whether ICE would be able to regain custody of Petitioner again.  Finally, ICE is willing to work with appropriate officials to facilitate Petitioner's appearance for his trial through video teleconference technology as long as he remains detained at Plymouth County.

For these reasons, Respondent urges this Court not to exercise its discretion to issue a writ of habeas corpus ad testificandum or prosequendum as ICE's federal interests in

maintaining its custody of Petitioner and ensuring against future public safety risk and flight risk are paramount. However, if this Court deems it appropriate to issue a writ in the exercise of its discretion, Respondents respectfully request that such writ is conditioned on Petitioner immediately being physically returned to ICE at the conclusion of the Massachusetts proceedings.

## CONCLUSION

For the foregoing reasons, Respondent respectfully requests this Court deny Petitioner's request for a writ compelling ICE to transfer Petitioner to state officials to appear in state court.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: February 4, 2025        By:    */s/ Mark Sauter*
                                      Mark Sauter
                                      Assistant United States Attorney
                                      United States Attorney's Office
                                      1 Courthouse Way, Suite 9200
                                      Boston, MA 02210
                                      Tel.: 617-748-3347
                                      Email: mark.sauter@usdoj.gov

## LOCAL RULE 7.1 CERTIFICATION

I, Mark Sauter, hereby certify that pursuant to L.R. 7.1(a)(2), I have conferred with Counsel for the Petitioner, in an attempt to resolve or narrow the issues.

Dated: February 4, 2025                */s/ Mark Sauter*
                                      Mark Sauter
                                      Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: February 4, 2025        By:    */s/ Mark Sauter*

                                                       Mark Sauter
                                                       Assistant U.S. Attorney