UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WALTER MUCHIRI,<br><br>                   Petitioner,<br><br>    v.<br>PATRICK LECHLEITNER<br>PATRICIA HYDE<br>JOSEPH D. McDONALD JR.<br><br>                  Respondents. | Civil Action No. 1:24-cv-40154-WGY |

### DECLARATION OF ASSISTANT FIELD OFFICE DIRECTOR
### KEITH CHAN

      Pursuant to the authority of 28 U.S.C. § 1746, I, Keith Chan, an Assistant Field Office Director for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations, Burlington, Massachusetts declare as follows:

      1.    I am an Assistant Field Office Director ("AFOD") for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations ("ICE" or "ERO").

      2.    Included in my official duties as an AFOD in Burlington, Massachusetts is the responsibility for assisting in the managing and monitoring, the scheduling and execution of removal orders for noncitizens in ICE custody. I am familiar with ICE policies and procedures for detaining noncitizens in order to initiate removal proceedings or to effectuate removal orders, as well as releasing noncitizens from ICE custody and decisions regarding state issued writs of habeas corpus. ICE routinely facilitates the appearance of detainees in its custody before various Massachusetts district courts and a procedure has been

developed between the Massachusetts Trial Court, the Sheriffs' Departments, and ICE. If ICE decides to facilitate the appearance of the detainee before a Massachusetts state court, ICE turns over the detainee to the appropriate Sheriff's office to transport the detainee to and from the Massachusetts state court hearing.

3. I have experience utilizing ICE record systems to obtain information regarding specific noncitizens. ICE maintains electronic and paper records on noncitizens in the course of its regularly conducted business activity. These records are made in the course of regularly conducted business activity at or near the time of relevant events by a person with knowledge of these events. In preparing this declaration, I have examined ICE official records, including the Enforce Alien Removal Module ("EARM"). EARM is the ICE electronic database utilized by ERO to maintain information regarding the custody and removal status of noncitizens. EARM is the electronic database ordinarily relied upon to ascertain a noncitizen's immigration and criminal history, current case status, case history, and plans for removal, if any.

4. In the course of preparing this declaration, I have examined the official records available to me regarding the immigration, criminal and custody history of Walter Muchiri. ("Petitioner") The Petitioner's case is assigned to a Deportation Officer in my office whom I supervise. I have also discussed this case internally with Officers within my office.

5. Petitioner first entered ICE custody on May 3, 2024, due to criminal activity and was held pursuant to 28 U.S.C 1226(a). Petitioner was released to state authorities on August 27, 2024, in cooperation with a state issued writ of habeas corpus, issued by the Worcester District Court. The Petitioner was not returned to ICE custody as ordered by the writ of habeas corpus. The Petitioner entered ICE custody on August 29, 2024.

6. The following information is a summary of the Petitioner's immigration history and criminal record.

**IMMIGRATION HISTORY**

7. The Petitioner is a native and citizen of Kenya. On December 2, 2019, he was admitted the United States as a non-immigrant visitor, with authorization to remain until June 3, 2020. He remained longer than permitted.

8. On or about May 3, 2024, the Petitioner was placed into removal proceedings through the issuance of a Notice to Appear alleging he was removable from the United States under 8 U.S.C. 1227(a)(1)(B), in that he was admitted to the United States, but stayed longer than permitted.

9. On or about June 3, 2024, the Petitioner, with counsel, initially appeared before an immigration judge. Petitioner's case was continued for attorney preparation.

10. On or about June 10, 2024, the immigration court conducted a bond hearing. The Petitioner was represented by counsel. After a full hearing, the immigration judge ordered the Petitioner held with no bond, finding he was a danger to persons and or property. The Petitioner filed an appeal. On September 11, 2024, the Board of Immigration Appeals ("BIA") dismissed the Petitioner's bond appeal and affirmed the dangerous finding of the immigration judge.

11. After numerous hearings, and a full evidentiary hearing on Petitioner's applications for relief from removal, the immigration judge ordered the removal of the Petitioner on September 11, 2024. The immigration judge denied the respondent's applications for relief from removal on grounds which included discretion, in which the immigration judge considered the Petitioner's criminal history, but also on other grounds which were independent from the Petitioner's criminal history. The Petitioner timely filed an appeal with the BIA. The appeal is fully briefed and pending adjudication by the BIA.

**CRIMINAL AND HABEAS HISTORY**

12. The Petitioner's criminal records checks indicate the following criminal activity.

13. On or about December 9, 2023, the Petitioner was arrested by the Marlborough Massachusetts Police Department for the offense of assault and battery domestic. These charges remain pending.

14. On or about April 28, 2024, the Petitioner was arrested by the Worcester Massachusetts

Police Department for the offense of operating under the influence of alcohol. This charge remains pending at the Worcester District Court.

15. On or about August 14, 2024, ERO Boston received a writ of habeas corpus issued by the Worcester District Court for August 27, 2024, at 9:00a.m. for the Petitioner in case 2462cr2055. The writ of habeas corpus contained the following language: "Further order of the Court: The defendant-detainee shall be returned to ICE immediately after the conclusion of the above referenced hearing…"

16. After consideration of numerous factors, ERO agreed to transfer custody of the Petitioner so he may appear for his state criminal hearing.

17. The Petitioner was released to the custody of state officials on August 27, 2024, in accordance with the writ of habeas corpus.

18. In the afternoon of August 27, 2024, ERO Boston was notified that the Petitioner had not been returned to ICE custody.

19. Upon further investigation, information was received that the Worcester District Court had remitted the Petitioner to state custody in order to allow him to post bond. ERO Boston contacted the Worcester District Court. The Worcester District Court informed ERO Boston that after August 27, 2024, the habeas would expire, and the Petitioner would be held in state custody pending bail.

20. On the same date, ERO Boston contacted the Worcester House of Correction, where Petitioner was being held in state custody. Worcester House of Correction staff informed ERO Boston that the writ of habeas corpus would not be honored.

21. In the evening of August 27, 2024, ERO Boston lodged an immigration detainer with the Worcester House of Corrections.

22. On August 29, 2024, the Petitioner posted bail and was returned to ICE custody by state officials pursuant to the immigration detainer.

23. On or about September 27, 2024, ERO Boston received a writ of habeas corpus for the Petitioner from Worcester District Court for the same case.

24. After careful consideration of all factors, including but not limited to the above history, the

5

Petitioner's criminal history, the immigration judge and BIA findings of dangerousness and the fact the state officials did not honor the language of their own writ of habeas corpus, thus causing ERO to expend additional resources to regain custody of the Petitioner, ERO Boston declined to transfer custody to state officials for the criminal hearing.

25. ERO Boston received subsequent writs from the Worcester District Court for the Petitioner regarding the same criminal case and after consideration of all factors, including those noted above, declined to transfer custody of the Petitioner.

26. At no time has any state official reached out to ERO Boston to discuss the incident in which the Petitioner was not returned to ICE custody, as ordered by its own writ of habeas corpus, or to provide any reassurance that the Petitioner would be returned to ICE custody in the future.

27. Immigration detainers are often not honored by Massachusetts state law enforcement, judicial, and correctional facilities. It is unknown whether any future immigration detainer lodged relating to the Petitioner would be honored by Massachusetts state officials.

On or about I declare under penalty of perjury that the foregoing is true and correct.

Signed on the 3rd day of February, 2025

_____
KEITH M CHAN
I have reviewed this document
2025.02.03 15:11:57 -05'00'

Keith Chan
Assistant Field Office Director
U.S. Department of Homeland Security
United States Immigration and Customs Enforcement
Burlington, Massachusetts